No. 21,055.

THE STATE OF KANSAS, ex rel. S. M. BREWSTER, as Attorney-general, etc., *Plaintiff*, v. THE MIDWEST CONSTRUCTION COMPANY, *Defendant*.

SYLLABUS BY THE COURT.

1. QUO WARRANTO — *Ouster* — *Corporation* — *Labor Laws*—*Payment of Current Wages*. The evidence does not establish that the defendant is paying less than the current rate of wages to its employees.

2. SAME—*Ouster*—*Labor Laws*—*Public Works* — *Eight Hours a Day's Work*—*Exceptions*—*Statutes*. The facts established by the evidence disclose that the occasions on which the defendant required its employees to work more than eight hours per day were within the exceptions named in section 1 of chapter 220 of the Laws of 1913 (Gen. Stat. 1915, § 5870).

Original proceeding in quo warranto. Opinion filed February 10, 1917. Application for appointment of receiver and for a temporary injunction denied.

*S. M. Brewster*, attorney-general, *S. N. Hawkes*, and *John L. Hunt*, assistants attorney-general, for the plaintiff.

*Homer H. Berger*, and *A. L. Berger*, both of Kansas City, for the defendant.

The opinion of the court was delivered by

MARSHALL, J.: The defendant, under a contract with Wyandotte county, is building a concrete bridge across the Kansas river in that county.

This is an original proceeding in quo warranto. The defendant is charged with violating chapter 220 of the Laws of 1913 (Gen. Stat. 1915, § 5870). The action is brought to oust the defendant from exercising the corporate privileges or franchises of requiring laborers employed by it to work for more than eight hours per day, and from paying laborers less than the current rate of wages in the locality in which the

work is being performed. The order now asked by the state is that the court appoint a receiver for the defendant, or, if a receiver is not appointed, that a temporary injunction be granted restraining the defendant from requiring its workmen to work more than eight hours per day, and from paying such workmen less than the current rate of wages.

The evidence submitted is contained in affidavits. The principal questions to be determined are those of fact. When the facts are ascertained the law can be easily applied.

1. The plaintiff's evidence tends to show that the current rate of wages is sixty-five cents an hour for "carpenters who are employed as form-builders for concrete construction," for one employed "as a carpenter or form-builder," for "carpenters and form-builders," for labor which "required the building of forms," for "a carpenter or form-builder," for "form-building for reinforced concrete construction of all kinds"; and "that the rate of wages paid to and received by members of said union [the carpenters' union] for form-building for reinforced concrete construction is sixty-five cents per hour." The plaintiff's evidence also tends to show that—

"The work of building forms for said work [the work being done by the defendant] requires as much if not greater skill and ability as a carpenter than the building of forms for ordinary reinforced concrete construction of buildings. . . . And that the work of form building upon said Kansas river Central avenue bridge and its approaches required the same skill and ability, and was of the same class of work as the work done upon said buildings [buildings erected for the Southwest Milling Company, the Stevens Engineering Company, the Peet Brothers Soap Plant, and the Proctor & Gamble Soap Company]."

The defendant's evidence tends to show that the current rate of wages for form-builders for reinforced concrete work on bridges and viaducts constructed in Wyandotte county, Kansas, and in Kansas City, Mo., and on other reinforced concrete work similar to that done by the defendant, is from thirty-five to forty cents an hour, and is not in excess of forty cents per hour, and has not been in excess of that amount for four or five years.

The defendant's evidence also tends to show that the class of work done by the form-builders employed by it does not require an experienced carpenter; that it requires only men who are known as "hatchet and saw men."

The evidence of the plaintiff and that of the defendant do not directly contradict each other. In most instances, the evidence of the plaintiff concerns one kind of work and that of the defendant a different kind of work. In other words, the parties to this action did not submit evidence on exactly the same propositions. It appears clearly from the evidence of the plaintiff that on certain buildings the current rate of wages for form-builders is sixty-five cents an hour. It appears from the evidence of the defendant that in bridge and viaduct work, the character of work being performed by the defendant, the current rate of wages is thirty-five to forty cents an hour. So far as the question of wages is concerned, this controversy must be determined upon the current rate of wages for the kind of work being done by the defendant. The burden of proof is on the state. It has not established by a preponderance of the evidence that the current rate of wages for the work being done by the defendant is sixty-five cents an hour. The preponderance of the evidence is that the current rate of wages for that work does not exceed forty cents an hour.

2. Another question must determined. Have laborers been required to work more than eight hours per day in violation of law? Three witnesses testified for the plaintiff that they were required by the defendant to work nine and ten hours a day, and "that said work was not done during any extraordinary emergency, which arose in time of war, or when it was necessary to work more than eight hours per calendar day for the protection of property or human life." On this point the defendant's evidence tends to show that the defendant has established an eight-hour per day service and has not worked or employed its workmen to exceed eight hours per day, except on the dates referred to by the three witnesses for the plaintiff; and that, on those dates, an emergency and necessity arose, compelling the defendant, for the purpose of protecting property or human life, to work from fifteen to twenty of its employees in excess of eight hours, some working nine and some working ten hours. The defendant's evidence is:

"That the occasions for such emergency and for the protection of property and human life were as follows: That the work being performed under said contract consisted of concrete approaches, necessitating the building of forms for such purpose; that on said day and dates where said emergency arose, the defendant was making concrete pours,

The State v. Trust Co.

which necessitated going to a certain point for the safety of the structure, and for the purpose of preventing the collapse of the same, thereby endangering the complete construction of the work, as well as endangering human life passing upon and along said public highway where said approaches were being constructed, that on such occasions said emergency also arose and was due to the fact that portions of said buildings had been torn down at the place where the viaduct was being constructed, and people were in the habit of going in and out of said buildings and along the public highway, thereby necessitating working over eight hours on said occasions for the protection of said property and the lives of people upon the thoroughfare, as well as the people who still continued to live in the portions of said buildings being torn down."

This reason given by the defendant for working some of its employees more than eight hours per day is not disputed by the plaintiff, and comes within the exceptions named in chapter 220 of the Laws of 1913 (Gen. Stat. 1915, § 5870).

It follows from the facts established by the evidence that the relief asked by the plaintiff can not now be granted. The application for a receiver and for a temporary injunction or restraining order is denied.